UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-20991-BLOOM

JAIRO FERNANDO HUETE-ALVAREZ,

    Petitioner,

v.

PAM BONDI, in her official capacity as the
Attorney General of the United States;
GARRETT J. RIPA, in his official capacity as
Field Office Director of U.S. Immigration and
Customs Enforcement Miami Field Office;
TODD LYONS, in his official capacity as Acting Director
of U.S. Immigration and Customs Enforcement;
KRISTI NOEM, in her official capacity as the
Secretary of the U.S. Department of Homeland Security;

    Respondents.
_____/

## ORDER ON EMERGENCY MOTION

**THIS CAUSE** is before the Court upon Petitioner's two Emergency Motions for Temporary Restraining Order and Immediate Stay of Removal and Transfer (Motion"), ECF Nos. [3], [10]. The Court has reviewed the Motions, the record, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

**I.  BACKGROUND**

In his Petition for Writ of Habeas Corpus, Petitioner alleges he is a "36-year-old Honduran national." ECF No. [1] ¶ 47. On April 14, 2014, at the border, the Department of Homeland Security ("DHS") issued to Petitioner a Form I-860, Notice and Order of Expedited Removal. On August 6, 2019, Petitioner re-entered the United States "seeking protection at the border in Texas." *Id*. ¶ 49. At that time, Immigration, Customs, and Enforcement ("ICE") reinstated the prior removal order. *Id*. On August 7, 2019, ICE released the Petitioner from custody and placed him

Case No. 26-cv-20991-BLOOM

under an Order of Supervision ("OSUP"). *Id*. ¶ 50. On September 25, 2019, Petitioner filed a formal Referral Request for Reasonable Fear of Persecution or Torture Determination under 8 C.F.R. §208.31. *Id*. ¶ 53. To date, DHS has not conducted a reasonable fear interview, issued a negative determination, or referred the case to an immigration judge for "withholding-only proceedings." *Id*. ¶¶ 62-65.

Petitioner alleges that, on February 12, 2026, ICE detained Petitioner at a "routine check-in", despite Petitioner's full compliance for more than six years with an Order of Supervision imposed by ICE. ECF No. [1] ¶¶ 11, 12. Petitioner claims he was provided no written notice of revocation, no identification of any violation, no finding of changed circumstances, no custody review, no informal interview, and no opportunity to respond. Id. ¶ 22 "Petitioner challenges the legality of the revocation of his OSUP and redetention under Fifth Amendment due process, both procedural and substantive; specifically, ICE violated Petitioner's due process rights by failing to follow its own regulations governing revocation of an OSUP." ECF No. [1] ¶ 18. Petitioner seeks a Temporary Restraining Order ("TRO") prohibiting Respondents from removing him from the United States, from transferring him outside the Southern District of Florida, and requiring Respondents to disclose his physical location within twenty-four hours. ECF No. [3] at 5.

In response to Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. [3], this Court issued an Order to Show Cause, ECF No. [5], requiring the Respondents to submit to the Court any notice as required by 8 C.F.R. § 241.4(l) provided to Petitioner upon revocation of his OSUP. In their Response to Order to Show Cause, ECF No. [8], Respondents provided a "Notice of Revocation of Release", ECF No. [8-1], which informs Petitioner his release was revoked pursuant to 8 C.F.R. § 241.4(l) because "it is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal." *Id*.

## II.     LEGAL STANDARD

### A. Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, before the Court can consider the merits of Petitioner's Motion, it must first determine whether Congress or the Constitution permits the Court to exercise habeas jurisdiction under the circumstances. *See Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) ("'Federal courts are courts of limited jurisdiction.'...Accordingly, before the Court can proceed, it must determine whether it has jurisdiction over the action.") (quoting *Kokkonen*, 511 U.S. at 377; citing *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012) ("Prior to making an adjudication on the merits, we must assure ourselves that we have jurisdiction to hear the case before us.")).

Title 28 U.S.C. § 2241, the federal habeas statute, provides federal courts the authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." 18 U.S.C. § 2241(c)(3); *see Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-CV-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, "Section 2241 is [still generally] the proper vehicle through which to challenge the constitutionality of a non-citizen's detention without bail." Oscar v. Ripe, 751 F. Supp. 3d 1324, 1329 (S.D. Fla. 2024) (citing *Demore v. Kim*, 538 U.S. 510, 516-17 (2003)); *Buriev*, 2025 WL 2763202, at *2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)); *see also Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla.

Sept. 9, 2025) ("Section 2241 authorizes federal courts to hear challenges to immigration detention.").

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has stripped district courts of the ability to review factual or legal issues concerning certain discretionary decisions related to immigration removal proceedings. Specifically, § 1252 strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (quoting *Reno v. Am-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 482 (1999)).

**B.  Temporary Restraining Order**

The Court has authority to issue a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65. *Fla. v. Mayorkas*, 672 F. Supp. 3d 1206, 1212 (N.D. Fla. 2023). To obtain a TRO, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Preliminary injunctive relief such as a TRO "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983); *see Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *1 (S.D. Fla. July 22, 2025) ("Although a 'showing of irreparable injury is the sine qua non of injunctive relief[,]' the movant 'bears the burden of persuasion to clearly establish all four of these prerequisites[.]' '

(quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016)). "If a less drastic remedy...[i]s sufficient to redress [Petitioner's] injury, no recourse to the additional and extraordinary relief of an injunction [i]s warranted." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010).

### III. DISCUSSION

#### A. Jurisdiction

As Petitioner points out, he "does not challenge DHS's statutory authority to detain individuals subject to reinstated removal orders under 8 U.S.C. § 1231. Rather, he challenges the lawfulness of his present detention because DHS has failed to comply with binding statutory, regulatory, and constitutional limits governing that authority." ECF No. [1] ¶ 32. Specifically, Petitioner challenges:

> the legality of the revocation of his Orders of Supervision ("OSUP") and re-detention under Fifth Amendment due process, both procedural and substantive; specifically, ICE violated Petitioner's due process rights by failing to follow its own regulations governing revocation of an OSUP. Petitioner further challenges the legality of his continued detention under 8 U.S.C. § 1231(a)(6), because his deportation is not reasonably foreseeable.

*Id.* ¶ 18.

While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006). "The Eleventh Circuit has consistently held that even where the statutory framework grants agency discretion, courts have jurisdiction to review whether an agency adhered to its own regulations and procedures." *Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *5 (S.D. Fla. Aug. 8, 2025) (citing *Kurapati v. U.S. Bureau of Citizenship and Immig. Services*, 775 F.3d 1255, 1262 (11th Cir. 2014)) (finding that § 1252(a)(2)(B)(ii) did not prevent the Court from

5

assessing whether the Government followed its procedures when it revoked Plaintiff's visa petition). Therefore, as Petitioner does not challenge the discretionary decision to detain him, but challenges Respondents' compliance with their own OSUP revocation procedures, jurisdiction is proper. *See Ceesay v. Kurzdorfer*, No. 25-CV-267-LJV, 2025 WL 1284720, *8 (W.D.N.Y. May 2, 2025) (holding that "district courts...have distinguished between challenges to ICE's discretion to execute a removal order, which are barred, and challenges to the manner in which ICE executes the removal order, which are not."); Grigorian v. Bondi, No. 25-CV-22914-RAR, 2025 WL 1895479, at *3–5 (S.D. Fla. July 8, 2025) (holding that § 1252(g) did not strip the Court of jurisdiction to evaluate whether the government complied with OSUP revocation procedures). Moreover, Petitioner's challenge to his continued detention under § 1231(a)(6) does not seek review of the Attorney General's exercise of discretion but instead challenges the extent of the Attorney General's authority under the post-removal detention statute. As such, jurisdiction is proper. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding federal courts have jurisdiction to adjudicate statutory and constitutional challenges to post-removal period detention).

Accordingly, the Court addresses the substantial likelihood of success on the merits prong of Petitioner's Motions: that Respondents failed to comply with the OSUP revocation procedures; and Petitioner's continued detention is unconstitutional under *Zadvydas*.

### B. Substantial Likelihood of Success on the Merits

Petitioner makes two arguments for why he is likely to succeed on the merits. The Court will address them in turn.

#### i. Petitioner's *Zadvydas* Claim

First, Petitioner argues he is likely to succeed on the merits because his removal is legally barred under 8 C.F.R. § 241.8(e). He contends he invoked the reasonable fear process in 2019,

which then required DHS to conduct an interview, issue a determination, and refer the matter to an immigration judge. ECF No. [3] at 3.

Under 8 C.F.R. § 241.8(e), when "an alien pursues a reasonable fear proceeding following DHS' initial reinstatement of a prior order of removal, the reinstated removal order does not become final until the reasonable fear proceeding is completed." *Lucas v. U.S. Att'y Gen.*, 652 F. App'x 854, 857 (11th Cir. 2016) (quoting *Jimenez–Morales v. U.S. Att'y Gen.*, 821 F.3d 1307, 1308 (11th Cir. 2016). To date, Petitioner reports DHS has failed to complete the reasonable fear process. *Id*. As such, Petitioner argues *Zadvydas* bars his detention because his removal cannot be "reasonably foreseeable" where a federal regulation prohibits execution of removal. *Id*. However, Petitioner cites no case law or statutory authority which prevents Petitioner from being held pending the conclusion of the reasonable fear process.

Moreover, the Court finds Petitioner's *Zadvydas* claim to be premature. *Zadvydas* "limits an alien's post removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." 533 U.S. 678, 689 (2001). To state a *Zadvydas* claim Petitioner must show "(1) 'post-removal order detention in excess of six months' and (2) 'a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.'" *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025) (quoting *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Here, Petitioner has been detained since February 12, 2026, a period significantly less than the "presumptively reasonable" six-month period established by the Supreme Court. *Zadvydas*, 533 U.S. 678, 701 (2001).

### ii. Petitioner's OSUP Notice Claim

Second, Petitioner argues ICE "revoked [his] long-standing Order of Supervision without complying with mandatory procedures set forth in 8 C.F.R. § 241.4(l)." ECF No. [3] at 3. Petitioner

7

claims "ICE provided no written notice of revocation, no identification of changed circumstances, no custody review, and no opportunity to respond." *Id*. Thus, Petitioner contends his arrest and re-detention without notice deprives him of liberty without due process of law in violation of the Fifth Amendment. ECF No. [1] at 3.

As Petitioner acknowledges, 8 C.F.R. § 241.4(l)(1) is the controlling provision that states:

> (l) Revocation of release—
> (1) Violation of conditions of release. Any alien described in paragraph (a) or (b)(1) of this section who has been released under an order of supervision or other conditions of release who violates the conditions of release may be returned to custody. Any such alien who violates the conditions of an order of supervision is subject to the penalties described in section 243(b) of the Act. Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

Moreover, while the notice and informal interview requirements appear in § 241.4(l)(1), and not § 241.4(l)(2), the requirements apply to both sections. *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *6 (S.D. Fla. Sept. 9, 2025). As such, if Respondents failed to provide notice of the reasons for revocation, Respondents would violate ICE's own regulations and the Fifth Amendment Due Process Clause. *Id*. at *10; *see also Zhu v. Genalo*, 798 F. Supp. 3d 400, 414 (S.D.N.Y. 2025) ("ICE's failure to follow its own regulations and provide Petitioner with notice or an interview violated Petitioner's procedural due process rights"). However, contrary to Petitioner's initial assertion, Respondents have provided the Court with the Notice provided to Petitioner. ECF No. [8-1].

Petitioner argues the notice nonetheless fails to establish "pre-detention" notice because the timestamp and address are inconsistent with where and when Petitioner was taken into custody. ECF No. [9] at 2. The notice has a timestamp of 8:38 a.m. and a service location of 18201 SW 12th Street, Miami, Florida, whereas Petitioner was physically present for his check-in at 8:00 a.m. at

8

2805 SW 145th Avenue, Miramar, Florida. *Id*. As such, Petitioner contends "[t]he record does not reflect that written notice of revocation was provided prior to detention. Nor does the proof of Service clarify that notice preceded arrest." *Id*.

In support of his argument, Petitioner cites to *Mora Arellano v. Ripa*, Case No. 26-20044-CIV-ALTONAGA. ECF No. [9-2]. Petitioner argues the procedural defect in *Mora Arellano* mirrors the defect here. The Court disagrees with Petitioner. In *Mora Arellano*, respondents did not provide notice of revocation and never provided a reason for petitioner's re-detention. ECF No. [9-1] at 3. Here, Respondents both provided notice and informed Petitioner his release was revoked pursuant to 8 C.F.R. § 241.4(l) because "it is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal." ECF No. [8-1]. To the extent Petitioner suggests discrepancies in timestamp and location affect the validity of the notice, he cites no case law or statutory authority to support his argument.

As such, the Court is unable to find that Petitioner is likely to succeed on the merits. Therefore, the Court need not address the remaining TRO factors or Petitioner's Emergency Supplemental Motion, ECF No. [10], which raises new facts as to the remaining TRO factors - irreparable harm and imminent risk and public interest - and a new argument that his detention at the South Florida Detention Facility is constitutionally unsafe and violates due process. As to the argument that the South Florida Detention Facility is constitutionally unsafe and violates due process, Petitioner cites no case law or statutory authority in support. Therefore, both Emergency Motions, ECF No. [3] and ECF No. [10] are denied.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Emergency Motion for Temporary Restraining Order and Immediate Stay of Removal and Transfer, **ECF No. [3]**, is **DENIED**.

2. Petitioner's Emergency Supplemental Motion for Temporary Restraining Order, Immediate Protective Relief, and Release Pending Habeas Adjudication, **ECF No. [10]**, is **DENIED**.

1. **On or before March 9, 2026**, Respondents shall file a memorandum of fact and law to show cause why the Petition for Writ of Habeas Corpus, **ECF No. [1]**, should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

2. Respondents are reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes."); *Rodriguez v Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the [] answer and filed with the Court must be served on the habeas petitioner.").

3. Petitioner may, but is not required to, file a reply within **three (3) days** of the date on which the Response is filed. The Reply **shall not exceed ten pages** and shall otherwise comply with the Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); L.R. 5.1(a)(4).

4. Furthermore, to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our

jurisdiction" while adjudicating the merits).

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 25, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record